IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KJBJ, LLC,**
**KENNETH L. POTE, and**
**JEANNE POTE,**

      **Plaintiffs,**

**v.**       //    **CIVIL ACTION NO. 1:16CV55**
                          **(Judge Keeley)**

**ENERVEST OPERATING, LLC,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 9] AND DENYING AS MOOT THE
MOTION FOR JURISDICTIONAL DISCOVERY [DKT. NO. 10]**

On February 24, 2016, KJBJ, LLC, Kenneth L. Pote, and Jeanne Pote (collectively, "the plaintiffs"), filed suit against defendant EnerVest Operating, LLC ("EnerVest") in the Circuit Court of Harrison County, West Virginia (Dkt. No. 1-1 at 9). EnerVest removed the case to this Court on March 31, 2016 (Dkt. No. 1), invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Contending that EnerVest is a West Virginia citizen, the plaintiffs filed a motion to remand on April 29, 2016 (Dkt. No. 9), and also filed a motion in the alternative seeking jurisdictional discovery (Dkt. No. 10). See Hertz Corp. v. Friend, 559 U.S. 77, 80–81 (2010). The question presented is whether EnerVest's nerve center, and therefore its principal place of business, is in Houston, Texas, or Charleston, West Virginia. As discussed below,

**KJBJ, LLC et al. V. ENERVEST OPERATING, LLC**  1:16CV55

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFFS'  
MOTION TO REMAND [DKT. NO. 9] AND DENYING AS MOOT THE  
MOTION FOR JURISDICTIONAL DISCOVERY [DKT. NO. 10]**

the Court concludes that EnerVest's nerve center is located in Houston, Texas.

## BACKGROUND

Plaintiffs Kenneth and Jeane Pote are residents of Aurora, Colorado. Together with KJBJ, they acquired working interests and overriding royalty interests in forty-three (43) West Virginia wells and four (4) Pennsylvania wells (Dkt. No. 1-1 at 9). Those wells were originally operated by Ranger Petroleum, Ltd. and Interstate Drilling, Inc., neither of which had operating agreements permitting increases in well tending fees. Id. at 10. Ranger merged with Interstate in 1987. Id.

In approximately 2002, EnerVest acquired Interstate and assumed the right to operate approximately 150 of Interstate's wells. Id. The plaintiffs allege that, since 2002, in an effort to generate revenue, EnerVest has improperly increased well tending fees by 10% annually, resulting in a charge of excessive well tending fees and leasehold operating costs to working interest owners. Id.

Allegedly, EnerVest has operated the wells "in an uneconomic way by failing to lock in gas prices" even though it knew that this practice was essential to maximize the working interest owners'

2

**KJBJ, LLC et al. V. ENERVEST OPERATING, LLC                 1:16CV55**

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 9] AND DENYING AS MOOT THE
MOTION FOR JURISDICTIONAL DISCOVERY [DKT. NO. 10]**

returns and to avoid excessive expenses. Id. at 11. The plaintiffs also allege that EnerVest did not communicate with them about negative cash flow. Similarly, they complain that EnerVest failed to suggest ways to improve production and net income, reduce expenses, and close unproductive wells to avoid future losses. Id. They conclude that EnerVest intends to continue charging unwarranted costs against the wells. Id.

The plaintiffs first became aware of EnerVest's wrongful conduct on February 27, 2014. Id. at 11. This lawsuit followed on February 24, 2016 (Dkt. No. 1-1 at 9). The complaint alleges six counts, including gross negligence, breach of contract, breach of the contractual duty of good faith and fair dealing, breach of fiduciary duty, fraud, and a demand for an accounting (Dkt. No. 1-1 at 12-15)

EnerVest removed the case on March 31, 2016, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Dkt. No. 1 at 3). Kenneth and Jeane Pote are citizens of Colorado. Id. at 2. KJBJ is a Colorado limited partnership, of which the Potes are believed to be members. Id.

EnerVest is a Delaware limited liability company with three members, EnerVest, Ltd., EnerVest Advisors, Ltd., and Jones

3

**KJBJ, LLC et al. V. ENERVEST OPERATING, LLC**  1:16CV55

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 9] AND DENYING AS MOOT THE
MOTION FOR JURISDICTIONAL DISCOVERY [DKT. NO. 10]**

Enervest, Ltd., all of which are Texas limited partnerships. Id. at 2-3. EnerVest attached to its notice of removal the affidavit of Fabené J. Welch ("the Welch affidavit"), Senior Vice President, General Counsel and Secretary of EnerVest Employee Services, LLC, which provides all employee services for EnerVest (Dkt. No. 1-2). In her affidavit, Welch avers that EnerVest's corporate headquarters and nerve center are located in Houston, Texas. Id.

The plaintiffs allege that EnerVest is a West Virginia citizen and contend that EnerVest removed the case improperly (Dkt. No. 9). Based on the Welch affidavit, however, EnerVest contends that its nerve center is located in Houston, Texas (Dkt. No. 11).

For the following reasons, the Court concludes that EnerVest's nerve center is located in Texas, not in West Virginia. Therefore, because the parties are completely diverse, it **DENIES** the plaintiffs' motion to remand (Dkt. No. 9), and **DENIES AS MOOT** their motion for jurisdictional discovery (Dkt. No. 10).

## APPLICABLE LAW

The district court has original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). To be a

**KJBJ, LLC et al. V. ENERVEST OPERATING, LLC**  1:16CV55

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 9] AND DENYING AS MOOT THE
MOTION FOR JURISDICTIONAL DISCOVERY [DKT. NO. 10]**

"citizen" of a state, a natural person must be both a citizen of the United States and be domiciled within the state. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). A person is domiciled in a state where he is physically present and intends to remain. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

An unincorporated association, including an LLC, is a citizen of the state where it has its principal place of business and the state under whose laws it is organized. 28 U.S.C. § 1332(d)(10). An LLC is also assigned the citizenship of each of its members. Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004). An organization's principal place of business is its "nerve center," which is ordinarily the organization's headquarters. See Hertz, 559 U.S. at 95. The nerve center is the "place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Id. at 80–81, 97.

When a federal court's original jurisdiction is premised on diversity of citizenship, a defendant who is not a citizen of the state in which a state court action is filed may remove that action to a federal district court that would have had original

**KJBJ, LLC et al. V. ENERVEST OPERATING, LLC**                     1:16CV55

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 9] AND DENYING AS MOOT THE
MOTION FOR JURISDICTIONAL DISCOVERY [DKT. NO. 10]**

jurisdiction over the case when it was first filed.  28 U.S.C. § 1441(a), (b).

Removal statutes are strictly construed against the party seeking removal, and the burden of establishing jurisdiction rests on the removing party.  Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).  When the party opposing removal challenges allegations of jurisdictional facts, the removing party must support its allegations by competent proof. Hertz, 559 U.S. at 97 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).  "This proof must be by a preponderance of the evidence." Asbury-Castro v. GlaxoSmithKline, Inc., 352 F. Supp. 2d 729, 731 (N.D.W. Va. Jan. 19, 2005) (Stamp, J.).

## ANALYSIS

The sole issue in dispute is whether EnerVest's nerve center, and thus its principal place of business, is in West Virginia or Texas.  If EnerVest is a citizen of Texas, complete diversity exists.  On the other hand, if EnerVest is a West Virginia citizen, diversity jurisdiction is lacking and the Court must remand the case.

**KJBJ, LLC et al. V. ENERVEST OPERATING, LLC** 1:16CV55

### MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFFS' MOTION TO REMAND [DKT. NO. 9] AND DENYING AS MOOT THE MOTION FOR JURISDICTIONAL DISCOVERY [DKT. NO. 10]

The plaintiffs challenge EnerVest's assertion that its corporate headquarters/nerve center is located in Texas (Dkt. No. 9 at 4). They categorize the Welch affidavit as "self-serving" and argue that the West Virginia Secretary of State's designation of EnerVest's address is insufficient to establish jurisdiction. Id. at 4-5. They direct the Court's attention to EnerVest's website, which allegedly identifies EnerVest, Ltd., as the entity located in Texas, and EnerVest Operating as the entity headquartered in Charleston, West Virginia. Id. at 5. According to the plaintiffs, the telephone provided on EnerVest's website connects to the Charleston, West Virginia, office. Id.

EnerVest asserts that the Welch affidavit establishes that the high-level officers who direct and control EnerVest are located in Texas, and only one corporate officer resides in West Virginia (Dkt. No. 11 at 2). According to Welch, the corporate headquarters of EnerVest are located in Texas; only the eastern headquarters are located in West Virginia. Id. EnerVest further argues that the majority owners conduct operations from Texas, board meetings occur there, and day-to-day operations and decision-making activities all take place in Texas. Id. at 3.

7

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 9] AND DENYING AS MOOT THE
MOTION FOR JURISDICTIONAL DISCOVERY [DKT. NO. 10]**

As a first step in its analysis, the Court rejects the plaintiffs' contention that an affidavit by a high-ranking corporate officer is insufficient to establish the location of EnerVest's nerve center. See Dkt. No. 9 at 4, 6 (repeatedly characterizing the Welch affidavit as "self-serving"). In Hertz, the Supreme Court of the United States relied on similar affidavits to vacate a judgment of the Ninth Circuit holding that Hertz's principal place of business was in California. 559 U.S. at 81 ("To support its position, Hertz submitted a declaration by an employee relations manager . . . ."). The Fourth Circuit also has relied on similar affidavits to determine a corporation's principal place of business. See Hoschar v. Appalachian Power Co., 739 F.3d 163, 167–68 (4th Cir. 2014) (relying on the deposition testimony and affidavit of a high-level manager in a corporation to determine jurisdiction). This Court therefore finds it proper — and indeed, necessary — to consider the Welch affidavit.

That affidavit reflects that EnerVest is headquartered in Houston, Texas, as per the West Virginia Secretary of State's Designated Office Address and Principal Office Address (Dkt. No. 1-2 at 3). It explains that, while EnerVest's eastern headquarters are located in Charleston, West Virginia, its corporate

8

**KJBJ, LLC et al. V. ENERVEST OPERATING, LLC**  1:16CV55

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 9] AND DENYING AS MOOT THE
MOTION FOR JURISDICTIONAL DISCOVERY [DKT. NO. 10]**

headquarters are situated in Houston, Texas. Id. Critically, it specifies that the high-level management of EnerVest, including its President and Chief Executive Officer, Executive Vice President, and Chief Operating Officer, maintain their principal offices in and manage the company from Texas. Id. Although Barry Lay, a Senior Vice President and the General Manager of Appalachia North, maintains his principal office in Charleston, one function of his job relates to the business of the company in that region. Id. Similarly, other regional managers maintain offices in their respective regions. Id. As do the other regional managers, Mr. Lay reports to senior management in Texas and does not direct or supervise activities in other regions or in Texas. Id. at 4.

The Welch affidavit also explains the corporate structure of EnerVest. EnerVest's parent company, EnerVest, Ltd., maintains its principal office in Houston, Texas, as well. Id. at 4. EnerVest, Ltd. also holds its board of director meetings in Texas and conducts day-to-day operations from Texas. Id.

Under Hertz, a court must ask where "high level officers direct, control, and coordinate the corporation's activities." Hertz, 559 U.S. at 80. In post-Hertz cases, the Fourth Circuit has directed district courts to focus on the location where a

**KJBJ, LLC et al. V. ENERVEST OPERATING, LLC**　　　　　　　　　　　1:16CV55

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 9] AND DENYING AS MOOT THE
MOTION FOR JURISDICTIONAL DISCOVERY [DKT. NO. 10]**

corporation actually directs, controls, and coordinates its activities, and to consider where high-level executives work and management makes significant corporate decisions. Hoschar, 739 F.3d at 172.

On the other hand, the Fourth Circuit has also found inconsequential the fact that a parent company maintains its headquarters at the same location as a subsidiary, noting that courts must focus on the location of direction, control, and coordination of the subsidiary. Id. at 173, n.4. In that regard, it has rejected as insufficient corporate filings with the State of West Virginia listing the state where a corporation has its principal place of business. Central W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 105 (4th Cir. 2011). In that case, the Fourth Circuit disregarded the location of a corporation's day-to-day operations, and instead focused on where corporate direction and control were located within a company. Id. at 105-07.

After carefully considering the evidence of record, the Court concludes, because its high-level officers direct corporate business from Houston, Texas, EnerVest's nerve center is located there. Although the Welch affidavit discusses at length how the

10

KJBJ, LLC et al. V. ENERVEST OPERATING, LLC                1:16CV55

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 9] AND DENYING AS MOOT THE
MOTION FOR JURISDICTIONAL DISCOVERY [DKT. NO. 10]**

Texas office conducts the day-to-day operations of EnerVest, under Hoschar and Mountain State Carbon that consideration is irrelevant. What is significant is the fact that the high-level management of EnerVest directs and supervises the company from its Texas office (Dkt. No. 1-2 at 3-4). Because the West Virginia office only oversees the day-to-day management of the Appalachia North region, it is analogous to the situation in Hoschar, where the Fourth Circuit rejected the notion that "day-to-day operations and public interface" indicate a corporation's nerve center. Hoschar, 739 F.3d at 172. Although the West Virginia Secretary of State's designation, standing alone, is insufficient to establish this Court's jurisdiction, it does bolster the conclusion that Houston, Texas, is EnerVest's nerve center. See Hertz, 559 U.S. at 97. In short, EnerVest has established, by a preponderance of the evidence, that its nerve center, and therefore its principal place of business, is located in Houston, Texas.[1]

---

[1] EnerVest's Operating's website, which states that its "Eastern Headquarters" is in Charleston while "EnerVest, Ltd." has its "Corporate Headquarters" in Houston, does not change the Court's conclusion (Dkt. No. 1-2 at 10). As in Hoschar, the Court must consider where the "headquarters-type" decisions occur, and not merely labels on websites. 739 F.3d at 173. These decisions clearly emanate from Houston.

**KJBJ, LLC et al. V. ENERVEST OPERATING, LLC** 1:16CV55

**MEMORANDUM OPINION AND ORDER DENYING THE PLAINTIFFS'
MOTION TO REMAND [DKT. NO. 9] AND DENYING AS MOOT THE
MOTION FOR JURISDICTIONAL DISCOVERY [DKT. NO. 10]**

For all of the reasons discussed, the Court **DENIES** the plaintiffs' motion to remand (Dkt. No. 9), and **DENIES AS MOOT** their motion for jurisdictional discovery (Dkt. No. 10).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: June 27, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE